Report oe Committee on Privileges and Elections.
In Assembly, January 9th, 1836.
Mr. O. Robinson, from the committee on privileges and elections, to whi'ch was referred the. petition of Lewis Riggs, praying to be admitted to a seat as a member of Assembly from the county of • Cortlandt, in place of Chauncey Keep, reported as follows :
Assembly Journal, 1836, page 97.
Report.
In Assembly, January 9th, 1836.
Report of the committee on privileges and elections on the. petition of Lewis Riggs, etc.
Mr. 0. Robinson, from the committee on privileges and elections, to whom was referred the petition of Lewis Riggs, of the county of Cortland, praying to be admitted to a seat in this House in the place of Hon. Chauncey Keep, the sitting member, reported :
That, by the official returns of the several boards of town canvassers of the several towns in the county of Cortland, duly made and filed in the clerk’s office of said county, it appears that at the last annual election held on the second, third and fourth days of November last past, six thousand three hundred and thirty-nine votes were given in the said county for the office-of member of Assembly; that of these votes, the petitioner, Lewis Riggs, received one thousand five hundred and ninety-one; James B. Church, one thousand five hundred and eighty; Cliauncey Keep, the sitting member, one thousand five hundred and eighty three; and Cephas Comstock, one thousand five hundred and eighty-five; giving Mr. Riggs a majority of eight votes over Mr. Keep. It further appears, that at said election held in the town of Yirgil in said county, there were eight hundred and sixty-four votes given for the office of member of the *114 Assembly ; that of these v.otes Lewis Riggs received two hundred and eighty-six votes, James B. Church received two hundred and eighty-six votes, Oha(uncey Keep received one hundred and sixteen votes, and Cephas Comstock one hundred and sixteen votes, making eight hundred and four votes;'and that the remaining sixty votes were rejected by the board of canvassers of said town of "Virgil, “for the want of a proper designation.”
It also further appears, that the board of county canvassers of said county rejected the whole votes so given in said town of Yirgil; the result of which was Lewis Riggs received in the remaining towns one thousand three hundred and five votes; James B. Church, one thousand two hundred and ninety-four; Chauncey Keep, one thousand four hundred and sixty-seven; and Cephas Comstock, one thousand four hundred ahd sixty-nine ; giving Mr. Keep a majority of one.hundred and sixty-two votes over Mr. Riggs ;and that‘the said board of county canvassers certified such to be the result of said election, and in pursuance thereof gave to Mr. Keep a certificate of his election as a member of the Assembly from said county.
Your committee are unanimously of the opinion that the board of county canvassers erred in rejecting the votes of the town of Virgil; that they assumed powers not given them by any law of this State; that, in this case, as such board of canvassers, they possessed no- discretionary or judicial powers, but. their duties- were merely ministerial; the, statute requires them to attend at the clerk’s office at a particular time, and from amongst their number choose a chairman, and calculate and ascertain the whole number of votes given at any election and certify the same to be a true canvass ; in the performance of these duties the board of county canvassers do not act judicially but ministerially.
If the board of county tíanvassers had estimated and calculated, as was their duty to do, the votes given in the town of Virgil, the result would have been a majority of eight votes in favor of Mr. Riggs over Mr. Keep, the sitting member, and would have entitled him to a certificate of his election and to a seat in this House.
It further appears to your committee, that the sixty votes rejected by the board of town canvassers in said town of Virgil, were written-upon thirty ballots, and that upon each of said ballots were the names of Chauncey Keep and Cephas Comstock; that these ballots were found in the proper box’, and that no county officers were to be elected in said county at said last annual election except members of Assem *115 bly; that said county is entitled to elect two members of Assembly; and that said Lewis Riggs and James B. Church were two of the candidates voted for by a portion of the electors of said town for said office, and said Ohauncey Keep and Cephas Comstock were also candidates voted for by another portion of said electors for the same office, and that there were no other candidates voted for at said elec? tion in said town for said office; that said ballots were attached to a piece of paper by the inspectors of the election of said town, and filed, in- the office of the clerk of said town, which said ballots have been exhibited to your committee; that it appears from said paper, so filed, that said inspectors rejected said ballots or votes “for the want of a proper designation.” , ■
It further appears to your committee, upon a careful inspection of ■ said ballots, that upon two of said ballots there was no designation of the office to which said Keep and Comstock were intended by the elector to be chosen; that at the right of the names of said Keep and Comstock, on five of the remaining ballots, were the letters Ass, upou six others the letters Assemb, upon five others the letters Assemby, upon one other the letters Membs, upon one other the letters Mems, upon four others the letters Assn, upon two others the letters As, and upon the remaining four ballots was A, or something intended probably for a designation, but which was out of the power of your committee to decipher.
The sitting member, Mr. Keep, claims that these votes were given by the electors of said town for him for the office of member of the Assembly, and that they should now be allowed and counted or estimated as votes given for him for said office. If these votes are allowed, the result will be that Mr. Keep.will be entitled to retain his seat, having a majority of twenty-two votes over Mr. Riggs the petitioner. That this House possess the power of correcting this error (if error it be), your committee do not doubt.
Your committee have looked in vain for a case giving a construction to the statute requiring the elector to designate upon the ballot the office to which the person named is intended Ify him to be chpsen. No question of this kind has heretofore arisen either in our Legislature or in our courts of law, and we are now called upon for the first time to give a construction to the claim in question, and decide whether the designation upon the ballots in question, under the particular circumstances of the case, is substantially a compliance with the requirements of the statute.
*116 The object-of an election is defined by oui’ Supreme Court to be : “ That the person.receiving the greatest number of votes in his favor shall have the office designated by the electors.’" If this be the correct definition of the object of an election, is the clause in. the statute in question. to be construed strictly and literally requiring the elector to write in.words at length a description of the office of the person for whom he votes, or shall the statute be construed literally giving force and effect to the v.otes wherever- and whenever the intent of the voter can be ascertained either from the ballots -themselves or from the-ballots'and the attending circumstances ?
Your committee have adopted the latter construction, because it is in accordance with the spirit of analagous cases decided by the Supieme Court, and of the rules adopted by the board of canvassers. Can there be, then, any doubt but that the electors who deposited the ballots in question in the proper box intended to vote for Mr. Keep for the office of member of the- Assembly ? No county officers except members of Assembly were, to be voted for at that election, a matter which was, doubtless, well understood by all, as appears from the fact that there were no scattering votes, and that each of the two sets of candidates received the same number of votes in said town. The betters at the right of the names upon the ballots in question were, beyond doubt, intended by the voters as an abbreviation of the word Assembly ; and this fact, in connection with the other circumstances of the ease, have1 led your committee to the irresistible conclusion that the voters of these ballots intended to vote for Mr. Keep for the office of member of the Assembly, and that, therefore, he is entitled to retain his seat in this House.
Your committee, therefore, ask leave to introduce the following resolution:
Resolved, That the prayer of the petitioner, Lends Higgs, be denied, and that he have leave to wdthdraw his petition.
Assembly Document, 1836, vol. T, No. 15.
Mr. Speaker then put the question whether the House would agree to said resolution, and it was determined in the affirmative. Assembly Journal, 1836, page 91.